[Cite as *Durr v. Artex Oil Co.*, 2012-Ohio-1005.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STEVEN DURR, ET AL. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiffs-Appellees | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 2011 AP 08 0036 |
| ARTEX OIL COMPANY, ET AL. | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Tuscarawas County Court
of Common Pleas, Case No. 2009 CV 07
0622

JUDGMENT:     Affirmed in part, Reversed in part and
Remanded

DATE OF JUDGMENT ENTRY:     March 8, 2012

APPEARANCES:

For Plaintiffs-Appellees,          For Defendants-Appellants,
Steven Durr, Et Al.                Artex Oil, Et Al.

DAVID K. SCHAFFNER               JOHN K. KELLER
Schaffner Law Offices, Co., L.P.A.   52 East Gay Street
132 Fair Avenue, N.W.            P.O. Box 1008
New Philadelphia, Ohio 44663     Columbus, Ohio 43216

For Appellant Barbara Temple

JAMES S. HUGGINS
DANIEL P. CORCORAN
Theisen Brock, L.P.A.
424 Second Street
Marietta, Ohio 45750

*Hoffman, P.J.*

{¶ 1} Defendants-appellants Artex Oil Company, et al. appeal the August 2, 2011 Decision entered by the Tuscarawas County Court of Common Pleas, which denied Defendants' Joint Motion for Attorneys' Fees and Costs, after finding plaintiffs-appellees Steven Durr, et al. did not engage in frivolous conduct under R.C. 2323.51.

STATEMENT OF THE FACTS AND CASE

{¶ 2} Appellant Barbara Temple acquired 74.5 acres of real property ("the Property") from her father, Robert Humphrey, by quit claim deed recorded on September 22, 1992. The Property was subject to a life estate to Humphrey. An Affidavit Regarding Termination of Life Estate was recorded on January 6, 1994. The following day, Appellant Temple conveyed all of her right, title and interest in and to the Property to Floyd and Doris Kimble, but reserved "all of the oil and gas underlying the premises herein conveyed, together with the right to receive royalties from any wells now existing or to be drilled, but assigning herein the right to use natural gas for farm purposes as set forth in the Oil and Gas Lease recorded at Volume 149, Page 802, Tuscarawas County Lease Records."

{¶ 3} On September 3, 1997, the Kimbles transferred "all their right, title, and interest in and to" 18.74 acres of the Property to Appellees. The deed specifically reserved "all of the oil and gas underlying the property herein conveyed, together with the right to receive royalties from any wells now existing or to be drilled, as previously reserved in deed recorded at Volume 677, Page 71, Tuscarawas County Deed Records."

**{¶ 4}** The Kimbles transferred "all their right, title, and interest in and to" additional acres of the Property to Bruner Land Company, Inc. on October 10, 1997. The deed specifically reserved "all of the oil and gas underlying the property herein conveyed, together with the right to receive royalties from any wells now existing or to be drilled, as previously reserved in deed recorded at Volume 677, Page 71, Tuscarawas County Deed Records."

**{¶ 5}** Thereafter, on November 13, 1997, Bruner Land Company, Inc. transferred "all its right, title, and interest in and to" 4.270 acres of the Property to Appellees. The deed contains the same reservation:

SAVING AND EXCEPTING all of the oil and gas underlying the property herein conveyed, together with the right to receive royalties from any wells now existing or to be drilled, as previously reserved in deed recorded at Volume 677, Page 71, Tuscarawas County Deed Records.

**{¶ 6}** On March 6, 2008, Appellant Temple executed an oil and gas lease ('the Lease") in favor of Appellant Artex Oil with respect to the mineral estate in the Property transferred to Appellees. The Lease was recorded on March 12, 2008.

**{¶ 7}** On July 8, 2009, Appellees filed a Complaint in the Tuscarawas County Court of Common Pleas, naming Appellants as defendants, and asserting claims for damages and trespass, as well as declaratory judgment and injunctive relief. Appellant Temple filed an Answer and Counterclaim on August 13, 2009. Appellant Temple sought a declaratory judgment, seeking a declaration she had the superior and exclusive interest in the mineral estate underlying the Property.

**{¶ 8}** Appellant Temple filed a Motion for Partial Summary Judgment on November 12, 2009, asserting Counts One, Two, and Three of Appellees' Complaint should be dismissed, seeking declaratory relief. Via Judgment Entry filed January 5, 2010, the trial court dismissed Counts One, Two, and Three of Appellees' Complaint as they related to Appellant Temple and granted declaratory relief to her.

**{¶ 9}** Appellant Artex filed a Motion for Partial Summary Judgment on April 8, 2010. Also on April 8, 2010, Appellant Temple filed a second motion for summary judgment relative to Count Four of Appellees' Complaint as well as her counterclaim. Appellees filed responses to the motions as well as their own motion for summary judgment.

**{¶ 10}** Via Judgment Entry filed July 15, 2010, the trial court denied Appellees' motion for summary judgment. The trial court granted Appellant Artex's motion as to Counts Three and Four of the Complaint, and dismissed the entire Complaint against Appellant Temple. The trial court determined the only claim remaining for adjudication was the issue of whether Appellant Artex caused damage to Appellees' property while entering upon it. Appellees subsequently filed a voluntary dismissal of the claim for damages.

**{¶ 11}** Appellants filed a Joint Motion for Attorneys' Fees and Costs on October 19, 2010. Via Decision filed August 2, 2011, the trial court denied the motion, finding Appellees did not engage in frivolous conduct.

**{¶ 12}** It is from this judgment entry Appellants appeals, raising the following assignment of error:

**{¶ 13}** "I. THE TRIAL COURT ERRED IN DENYING DEFENDANTS-APPELLANTS' JOINT MOTION FOR ATTORNEY'S FEES."

I

**{¶ 14}** Pursuant to R.C. 2323.51, a court may award court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action or appeal to any party to the civil action or appeal who was adversely affected by frivolous conduct. "Frivolous conduct,'" includes conduct which "is not warranted under existing law, cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law." R.C. 2323.51(A)(2)(a)(ii)

**{¶ 15}** The question of what constitutes frivolous conduct may be either a factual determination, or a legal determination. *Wiltberger v. Davis* (1996), 110 Ohio App.3d 46, 673 N.E.2d 628. A determination that conduct is not warranted under existing law and cannot be supported by a good-faith argument for an extension, modification, or reversal of existing law requires a legal analysis. *Lable & Co. v. Flowers* (1995), 104 Ohio App.3d 227, 233, 661 N.E.2d 782. With respect to purely legal issues, we follow a de novo standard of review and need not defer to the judgment of the trial court. *Wiltberger* at 51–52, 673 N.E.2d 628.

**{¶ 16}** Appellants assert Appellees' claims for royalties, free gas, and trespass were frivolous under the facts of this case as such were "not warranted under existing law, supported by a good faith argument for extension, modification, or reversal of existing law, or supported by a good faith argument for the establishment of new law." We shall address each claim in turn.

{¶ 17} With respect to the claim for royalties, Appellants argue Appellees' claim was frivolous as Appellees had actual knowledge of the royalties as well as the oil and gas mineral estate exception when they purchased their surface rights. Appellees contend they made a good faith argument that as surface owners they were entitled to share royalties with Appellant Temple under the terms of the Lease. Appellees rely upon paragraph 7 of the Lease, which provides:

> If lessor owns a less interest in the above-described land than the entire undivided fee simple estate therein, then the royalties and rentals therein provided for shall be paid to the lessor only in the proportion which lessor's interest bears to the whole and undivided fee.

{¶ 18} Appellees submit because Appellant Temple did not own the entire fee simple, she was not entitled to 100% of the royalties. We disagree.

{¶ 19} In *Moore v. Indian Camp Coal Co.* (1907), 75 Ohio St. 493, 80 N.E. 6, the Ohio Supreme Court held:

> [T]here may be a complete severance of the ownership of the surface of land from the ownership of the different strata of mineral which may underlie the surface; and that *the creation of a separate interest in the mineral with the right to remove the same*, whether by deed, grant, lease, reservation, or exception, unless expressly restricted, *confers upon the owner of the mineral a fee-simple estate*, which is, of course, determinable upon the exhaustion of the mine. *Id.* at 499 (Emphasis added).

{¶ 20} Appellant Temple was the fee simple owner of the mineral rights. Appellant Temple expressly separated ownership of the surface of land from ownership of the minerals below in the deed to the Kimbles. The saving and excepting clause also was included in the deed reflecting the Kimble to Bruner Land Company transfer as well as the deeds exhibiting the Kimble to Appellees transfer, and the Bruner Land Company to Appellees transfer.

{¶ 21} Based upon the forgoing, we find Appellees' filing of their claim for royalties against Appellant Temple constitutes frivolous conduct pursuant to R.C. 2323.51. The trial court should have awarded attorney fees as to this claim.

{¶ 22} With respect to Appellees' claim they were entitled to free gas Appellants maintain Appellees had no basis to support the claim as Appellees were neither parties to the Lease nor in privity with the parties to the Lease. Relying on the testimony of Appellant Temple's counsel at the attorney fee hearing, Appellees submit the right to free gas usually runs with the land and belongs to the surface owner.

{¶ 23} Paragraph 3 of the Lease reads:

Lessor may lay a line to one gas well on said lands and connect at a location and in a manner designated by lessee on said land and may take annually up to 250,000 cubic feet of free gas produced from said well for use for heat in one dwelling house located on said land…

{¶ 24} While the Lease permits only the lessor, herein Appellant Temple, to lay a gas line, and limits the use thereof in one dwelling house on the land, the Lease does not limit the use solely to lessor.

**{¶ 25}** We find Appellees made a plausible, good faith argument the right to free gas ran with the land; therefore, we find the trial court did not err or abuse its discretion in denying Appellants' request for attorney fees on this claim.

**{¶ 26}** Lastly, Appellants submit Appellees had no basis for asserting a claim for trespass as Appellees were aware Appellant Temple owned the mineral rights and had executed the lease with Appellant Artex relative to those rights.

**{¶ 27}** We recognize the existence of a mineral estate itself creates the right to enter and extract the minerals, however, such does not blanket Appellant Artex with complete immunity from a claim of trespass. Appellant Artex conduct arguably may have exceeded the scope of permission. Once Appellant Artex exceeded its rights under the Lease, Appellees' consent was revoked.

**{¶ 28}** Appellees maintain Appellant Temple is not entitled to recover attorney fees, explaining Appellant Temple did not incur attorney fees as Appellant Artex hired and paid an attorney to represent her. As a party adversely affected by Appellees' allegedly frivolous conduct, we find Appellant Temple properly filed a motion for attorney fees. Because Appellant Artex paid Appellant Temple's attorney fees, it is the aggrieved party and entitled to recover the fees expended on behalf of Appellant Temple.

**{¶ 29}** Appellants' sole assignment of error is sustained in part and overruled in part.

{¶ 30} The judgment of the Tuscarawas Court of Common Pleas is affirmed in part, and reversed in part and remanded for further proceeding consisted with this Opinion and the law.

By: Hoffman, P.J.

Farmer, J. and Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STEVEN DURR, ET AL.                  :
                                     :
     Plaintiffs-Appellees            :
                                     :
-vs-                                 :        JUDGMENT ENTRY
                                     :
ARTEX OIL COMPANY, ET AL.            :
                                     :
     Defendants-Appellants           :        Case No. 2011 AP 08 0036


For the reasons stated in our accompanying Opinion, the judgment of the

Tuscarawas Court of Common Pleas is affirmed in part, and reversed in part and

remanded for further proceeding consisted with this Opinion and the law. Costs

assessed equally.



                              s/ William B. Hoffman_____
                              HON. WILLIAM B. HOFFMAN


                              s/ Sheila G. Farmer_____
                              HON. SHEILA G. FARMER


                              s/ John W. Wise_____
                              HON. JOHN W. WISE